Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200408-86033
DATE: October 29, 2021

ORDER

An effective date earlier than July 19, 2019, for the increased rating of 100 percent for schizoaffective disorder, depressive type, unspecified, and alcohol use disorder is denied.

An effective date earlier than July 19, 2019, for the award of basic eligibility to Dependents' Educational Assistance (DEA) is denied.

FINDINGS OF FACT

1. The Veteran filed a January 2020 Department of Veterans Affairs (VA) Form 20-0995 (Supplemental Claim) within one year of the AOJ decision granting service connection for schizoaffective disorder and assigning a 70 percent rating from March 4, 2011, a temporary total evaluation from May 16, 2012, to October 31, 2012, a 70 percent rating from November 1, 2012, to July 18, 2019, and a 100 percent rating from July 19, 2019. 

2. It is not factually ascertainable that an increase in disability to 100 percent occurred for schizoaffective disorder prior to July 19, 2019.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than July 19, 2019, for the increased rating of 100 percent for schizoaffective disorder have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.400, 3.2500.

2. The criteria for an effective date earlier than July 19, 2019, for the award of eligibility to DEA benefits have not been met. 38 U.S.C. §§ 3500, 3501, 5110; 38 C.F.R. §§ 3.400, 3.807, 3.2500, 21.3020.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1970 to March 1976. 

In April 2020, the Board of Veterans' Appeals (Board) received a VA Form 10182, Decision Review Request: Board Appeal that did not select a docket to review a January 2020 decision by a VA Agency of Original Jurisdiction (AOJ). The Board sent letters to the Veteran and his attorney requesting clarification on the docket selection. 38 C.F.R. § 20.202(f). In May 2020, a VA Form 10182 was received by the Board electing the Direct Review docket to review the January 2020 decision. 38 C.F.R. § 20.202(g)-(h). 

The Board may only consider the evidence of record at the time of the January 2020 AOJ decision on appeal. 38 C.F.R. § 20.301. Evidence was added to the claims file during a period of time when new evidence was not allowed and the Board may not consider this evidence in this decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501 (if the evidence is new and relevant, VA will issue another decision considering all evidence received by VA before VA issues notice of the Supplemental Claim decision). Specific instructions for filing a Supplemental Claim are included with this decision.

The Board also notes that the January 7, 2020, Supplemental Claim included the issue of entitlement to a total disability rating based on individual unemployability (TDIU). The AOJ did not adjudicate TDIU in the January 2020 decision on appeal; nevertheless, the Veteran requested that TDIU be reviewed by the Board on his April 2020 VA Form 10182. This Board Appeal request was premature for the issue of TDIU. TDIU was subsequently reviewed in a June 2020 AOJ decision. The Veteran should consult the June 16, 2020, AOJ notice letter for review options if he disagrees with that decision.

The Veteran contends he is entitled to an effective date earlier than July 19, 2019, for an increased rating of 100 percent for schizoaffective disorder and the ancillary grant of eligibility for DEA. For the reasons that follow, the Board disagrees.

Generally, the effective date of an increase of compensation will be on the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o)(1). However, the effective date of an award of increased compensation shall be the earliest date as of which it is factually ascertainable based on all evidence of record that an increase in disability had occurred, if an application for increase is received within one year from such date, otherwise, date of receipt of claim. When medical records indicate an increase in a disability, receipt of such medical records may be used to establish effective dates for retroactive benefits based on facts found of an increase in a disability only if a complete claim or intent to file a claim for an increase is received within 1 year of the date of the report of examination, hospitalization, or medical treatment. 38 C.F.R. § 3.400(o)(2).

For continuously pursued claims in the modernized system, the effective date will be fixed in accordance with the date of receipt of the initial claim or date entitlement arose, whichever is later, except as otherwise provided in 38 C.F.R. § 3.400. 38 C.F.R. § 3.2500(h); see generally 38 C.F.R. § 3.1(p)(1) (defining an initial claim as any complete claim for a benefit on a form prescribed by the Secretary other than a supplemental claim).

Historically, the Veteran requested that his claim for entitlement to service connection for schizoaffective disorder be reopened on March 4, 2011. See March 2011 VA Form 21-4138, Statement in Support of Claim. The AOJ denied reopening the claim and the Veteran substantively appealed to the Board, which reopened and remanded the issue of entitlement to service connection for an acquired psychiatric disorder in an August 2018 decision. A July 2019 AOJ decision granted service connection for schizoaffective disorder, with an initial rating of 70 percent effective from March 4, 2011, a temporary 100 percent rating from May 16, 2012, to October 31, 2012, a 70 percent rating from November 1, 2012, to July 18, 2019, and a 100 percent rating from July 19, 2019. Basic eligibility to DEA was also established from July 19, 2019. The AOJ chose that date because that was when a VA examination showed the Veteran's schizoaffective disorder resulted in total occupational and social impairment.

The Veteran filed a January 2020 Supplemental Claim for effective dates earlier than July 19, 2019, for the 100 percent rating for schizoaffective disorder and eligibility to DEA. See 38 C.F.R. § 19.2(b) (the modernized review system applies to all claims for which VA issues notice of an initial decision on or after the February 19, 2019). The January 2020 AOJ decision on appeal decided the Veteran's claims on the merits. Although there was no explicit discussion of whether new and relevant evidence had been submitted, the AOJ's readjudication of the claim on the merits is a favorable finding that VA had indeed received new and relevant evidence. 38 C.F.R. § 3.2501 (a claimant who disagrees with a prior VA decision may file a Supplemental Claim. If new and relevant evidence is presented or secured, the AOJ will readjudicate the claim taking into consideration all of the evidence of record. If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim). The Board will proceed to an analysis of the Veteran's claim on the merits. See 38 C.F.R. § 3.104(c).

The record reflects an increase in disability at time of the July 19, 2019, VA examination, but no earlier. A March 2014 private examiner reported the Veteran was socially isolated, relied on assistance from his wife to perform majority of daily living tasks due to memory impairment, and experienced passive suicidal ideation, auditory hallucinations, paranoid delusions, chronic sleep impairment, near continuous depression, and anxiety; the private physician submitted an associated VA Disability Benefits Questionnaire (DBQ) concluding that the Veteran's psychiatric symptoms resulted in occupational and social impairment with deficiencies in most areas. 38 C.F.R. § 4.130. Buddy statements from the Veteran's son and brother also reflect that the Veteran's symptoms consistently included anger, irritability, difficulty working with others, memory impairment, sleep impairment, social isolation, and that he talked to himself. VA treatment records generally found the Veteran fully oriented, alert, cooperative, with appropriate hygiene, no suicidal or homicidal ideation, and no objective evidence at the time of mental status evaluations of delusions, obsessions, hallucinations, or psychosis. A 2012 Social Security Administration (SSA) disability evaluation found impaired memory that impacted his ability to understand, remember, and carry out instructions but also found the Veteran alert, oriented, cooperative, and without suicidal ideation or hallucinations. July 19, 2019, the date a VA examiner found schizoaffective disorder resulted in total occupational and social impairment, is the earliest date supported by the record that an increase in disability occurred. 38 U.S.C. § 5110(a); 38 C.F.R. §§ 3.400(o), 3.2500(h)(1). 

Since eligibility for DEA benefits is predicated on a finding of permanent and total disability, the Board also cannot assign an effective date earlier than July 19, 2019, for the establishment of basic eligibility for DEA benefits as a matter of law. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994); see 38 C.F.R. § 3.807 (for the purposes of DEA benefits as applicable to this case, basic eligibility exists if a veteran was discharged from service under conditions other than dishonorable and has a permanent and total service-connected disability). Based on the above, the Veteran did not have a permanent and total service-connected disability prior to July 19, 2019, the effective date schizoaffective disorder was rated 100 percent disabling. Service connection is not in effect for any other disability. 

(Continued on the next page)

 

As the Board cannot assign an effective date earlier than July 19, 2019, for the 100 percent rating for schizoaffective disorder, it also cannot grant an earlier effective date for the ancillary award of DEA benefits. Therefore, the claims must be denied.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Odya-Weis

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.